James THOMAS, Plaintiff—Appellant,

v.

**CITY OF TALENT, an Oregon Municipal corporation; et al., Defendants—Appellees.**

No. 06–35740.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William S. Dames, Dames & Dames, Medford, OR, for Plaintiff–Appellant.

Gerald L. Warren, Law Office of Gerald L. Warren, Salem, OR, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

James Thomas appeals from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his Fourth and Fourteenth Amendment rights when police officers cited him for violating a city ordinance prohibiting "camping" or "dwelling" in a city park. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Sanchez v. County of San Diego,* 464 F.3d 916, 920 (9th Cir.2006), and we affirm.

The district court correctly concluded that Talent police officials were entitled to qualified immunity regarding Thomas's claim that he was unreasonably stopped and issued a citation because, even though an Oregon state court later ruled that the city ordinance was invalid, a reasonable officer could have believed that the ordinance was constitutional. *See Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir.1994) ("[W]here a police officer has probable cause to arrest someone under a statute that a reasonable officer could believe is constitutional, the officer will be immune from liability even if the statute is later held to be unconstitutional.")

The district court correctly granted summary judgment to defendants on Thomas's Equal Protection claim, because Thomas presented insufficient evidence that defendants enacted the ordinance, and/or cited Thomas for violating the ordi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nance, because of an animus towards homosexuals. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135 (9th Cir.2003) (holding that, to survive summary judgment on a sexual orientation Equal Protection claim, a plaintiff must put forward specific, nonconclusory factual allegations that establish improper motive.)

█ The district court properly determined that Thomas was afforded adequate due process because he was warned about the citation and afforded an opportunity to be heard and to challenge the validity of the city's ordinance. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982–84 (9th Cir.1998) (explaining that a procedural due process claim involves denial of adequate procedural protections, and noting that, in many cases, post-deprivation process satisfies the Due Process Clause).

We do not consider arguments that Thomas raised for the first time in his reply brief. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 n. 1 (9th Cir.1992).

**AFFIRMED.**